Jamin S. Soderstrom, Bar No. 261054
jamin@soderstromlawfirm.com
SODERSTROM LAW PC
3 Park Plaza, Suite 100
Irvine, California 92614
Tel:   (949) 667-4700
Fax:  (949) 424-8091

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE ARTHUR THOMAS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SOLARCITY FINANCIAL COMPANY, LLC,<br><br>        Defendant. | Case No. **'17 CV 0820 LAB BGS**<br><br><br>**CLASS ACTION AND FAIR LABOR STANDARDS ACT COLLECTIVE ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed: _____<br>Trial Date:        None Set |

Plaintiff Leslie Arthur Thomas (Plaintiff), on behalf of himself and all others similarly situated, brings this Class Action and Fair Labor Standards Act Collective Action Complaint against SolarCity Financial Company, LLC (SolarCity or Defendant), and alleges as follows:

## I.    JURISDICTION & VENUE

1.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

2.    This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more Class members; (2) at least some Class members have a different state of citizenship than Defendant; and (3) the amount put in controversy by Class members' aggregate claims is more than $5,000,000.

3.    This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

4.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    This Court has specific and general personal jurisdiction over Defendant because (i) it employed Plaintiff, FLSA Collective members, and California Class members in California and committed violations in California that give rise to the causes of action included in this Complaint, and (ii) it maintains its principal place of business in California and has purposefully availed itself of the privileges of conducting activities in the state of California, creating minimum contacts sufficient to confer jurisdiction and demonstrating that assumption of jurisdiction over it will not offend traditional notions of fair play and substantial justice nor violate Constitutional requirements of due process.

6.    Venue is proper in the Southern District of California because a substantial portion of the events forming the basis of this lawsuit occurred in this district.

## II. PARTIES

### A. Named Plaintiff Leslie Arthur Thomas

7. Plaintiff Leslie Arthur Thomas is an individual who is a resident and citizen of California. Plaintiff has lived in Fallbrook, California at all times during the relevant time period. From approximately December 1, 2014 to May 2, 2016, Plaintiff worked for Defendant as a Field Energy Specialist (FES), and later as a Retail Energy Consultant (REC) and acting Senior REC at various locations in San Diego County, including Home Depot, Best Buy, and mall kiosk locations.

8. Defendant classified Plaintiff and other sales personnel as salaried, nonexempt employees. Plaintiff and other sales employees were paid based on a regular hourly rate and were also eligible for and regularly received commissions and nondiscretionary bonuses.

9. Plaintiff worked uncompensated hours during numerous weeks of his employment, including but not limited to at least 508 hours between December 13, 2015 and April 16, 2016. A more precise number of his uncompensated hours of work will be determinable once Defendant produces additional records.

10. As required under the FLSA, Plaintiff has signed a written Consent-To-Join Form, which is attached as Exhibit 1.

### B. Defendant SolarCity Financial Company, LLC

11. Defendant SolarCity Financial Company, LLC is a for-profit California limited liability company doing business in California. SolarCity maintains its principal place of business in San Mateo, California. SolarCity employs individuals in California and throughout the country to work in various locations selling products to and installing products for residential and business consumers.

## III. FACTUAL ALLEGATIONS

12. Defendant does business in California and throughout the country. It sells and leases solar power systems for homes, businesses, and government agencies, and provides installation, maintenance, and repair services for those customers. It conducts

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

business throughout the United States, including in Arizona, California, Colorado, Connecticut, Delaware, Washington, D.C., Hawaii, Maryland, Massachusetts, Nevada, New Hampshire, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Texas, Vermont, and Washington.

13.     Defendant is the largest solar energy services provider in the country and have over 10,000 employees nationwide, including several thousand in California. At least several thousand of their employees are in nonexempt sales positions. In their own words, Defendant and SolarCity Corporation "dually employ" salaried, nonexempt sales employees.

14.     Defendant employed Plaintiff Les Thomas in salaried, nonexempt sales positions for nearly 18 months from around December 1, 2014 to May 2, 2016. From December 2014 to November 2015, Plaintiff worked in multiple Home Depot and Best Buy locations in San Diego County as a "Field Energy Specialist" (FES). Around December 2015, he moved into a "Retail Energy Consultant" (REC) position where he worked in mall kiosk locations in San Diego County. He was later given the responsibilities of a "Senior Retail Energy Consultant" (Senior REC), although he learned he was never officially promoted or compensated as a Senior REC.

15.     In each of Plaintiff's positions he was responsible for generating "leads" and obtaining sales or leases of solar power systems, both individually and in collaboration with other sales personnel. He was treated and held out by Defendant as an employee and he performed job duties that reflected this status.

16.     During his 18 months of work, Plaintiff worked with many of Defendant's other employees and managers. His experience gave him a thorough understanding of Defendant's employment policies and practices, particularly as they relate to nonexempt employees in sales positions. He personally witnessed Defendant engaging in unlawful and unfair business practices and routinely denying him and other nonexempt sales employees the basic rights guaranteed by the FLSA, California Labor Code, and Unfair

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

Competition Law. Upon information and belief, Defendant continues to commit these unlawful and unfair business practices to this day.

### A. Minimum and Overtime Wage Violations

17. As a matter of policy and practice, Defendant has failed to pay Plaintiff and other sales employees the required minimum and overtime wages for all hours worked. Defendant have committed these violations in multiple ways.

18. <u>First</u>, Defendant does not maintain accurate and complete time records showing when its employees actually perform work, including regular and overtime work. Instead of keeping track of when employees start and stop working on a daily or weekly basis, Defendant simply has employees complete and submit a timesheet at the end of each pay period. Plaintiff and other employees are sent by email a prompt around every two weeks asking them to log on to Defendant's system, recall and record the total hours they worked each day during the previous two weeks, and "verify" that they always took their meal periods and rest breaks or that they voluntarily elected not to do so. This imprecise timekeeping method, in combination from direct and indirect pressure from managers, ensures that employees systematically underreport the actual number of hours they work in a given day or week and overreport the number of full, uninterrupted meal periods and rest breaks they were provided.

19. <u>Second</u>, Defendant regularly schedules sales employees for nine-hour shifts—e.g., 9:00 a.m. to 6:00 p.m.—but the default payment for working an entire shift is only eight hours of regular pay. This practice allows Defendant to receive up to nine hours of work but only pay employees for eight regular hours of work and no overtime during that shift. It also allows Defendant to presume, without real-time documentation or other forms of verification, that employees take both of their mandatory rest breaks and a full, uninterrupted one-hour meal period each day. Even when employees regularly report that they voluntarily chose not to take a meal period or rest breaks, Defendant does not inquire about this practice or reprimand such employees for failing to follow written policies that require employees to take all meal periods and rest breaks. Nor does

Defendant pay employees for the work they performed during a "waived" meal period. Defendant essentially has built into its timekeeping system undocumented, unpaid overtime work, and automatic verification of compliant meal periods and rest breaks regardless of employees' actual experiences.

20. <u>Third</u>, Defendant's managers instruct nonexempt sales employees not to record overtime hours if they want to have their timesheets approved and get paid. Even though sales employees are classified as "salaried, nonexempt," Defendant's managers focus on the "salaried" portion of the classification and tell employees they are not entitled to overtime pay. Thus, sales employees are expected to work "as long as it takes" to generate a lead or make a sale, and they are expected to rely on commissions, not overtime wages, as compensation for work over eight hours in a day or 40 hours in a week.

21. <u>Fourth</u>, Defendant requires many sales employees—including RECs in particular—to work off the clock following up on "leads" in the field and trying to generate more potential leads and sales by "door knocking" in neighborhoods where home visits or installations are already scheduled. As an REC and acting Senior REC, Plaintiff was told he needed to work as long as it takes to make a sale and earn potential commissions, and Defendant set his and other employees' quotas for creating sales "opportunities" and "closing sales" unreasonably high to prompt more off-the-clock work. After (and sometimes during) Plaintiff's scheduled shifts at a mall kiosk, he was instructed to perform the duties of a "Field Energy Consultant" (FEC) by following up on leads and then visiting all of the surrounding houses to see if any neighbors would also be interested in buying or leasing a solar power system. Because of Defendant's practice of avoiding paying overtime and Plaintiff's classification as a "salaried" employee, he was told not to submit any overtime hours because his timesheet would not be approved and he would not be paid. During his time as an REC (while also doing the work of an FEC), Plaintiff started recording by hand the number of off-the-clock hours he worked, which totaled over 500 hours of unpaid overtime in a four-month period.

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

22.     <u>Fifth</u>, even when sales employees are paid for their recorded overtime hours that managers approved, Defendant miscalculates the proper amount of overtime wages. Defendant fixes the base hourly rate for nonexempt sales employees like Plaintiff (e.g., FES, REC, FEC personnel and those in similar positions) at a specific amount and never adjust the amount to reflect additional commission and non-discretionary bonus-based compensation. For example, Plaintiff's regular rate as an FES was $14.42 and his regular rate as an REC and acting Senior REC was $12.25. Defendant never increased those rates for purposes of calculating overtime wages during pay periods in which he also earned commissions and bonuses. As a result, Defendant never paid the correct overtime rate to Plaintiff and other sales employees who were eligible to earn both overtime pay and commissions or bonuses. Defendant's payment of wages for reported and approved overtime hours is always miscalculated and too small.

### B.     Unlawful Commission Deductions

23.     Defendant recruits and incentivizes sales employees like Plaintiff by emphasizing their ability to earn commissions for selling or leasing solar power systems to consumers. Even though their base hourly rate is relatively low (e.g., Plaintiff's base rate as an FES and an REC was $14.42 and $12.25, respectively), sales employees are told they can make substantially more money by closing sales. Like their other practices, Defendant's compensation system may seem reasonable and lawful on its face, but the actual terms and enforcement of their commission deduction policy are unlawful and unconscionable.

24.     Defendant imposes on sales employees like Plaintiff an unlawful practice of clawing back commissions under the guise of simply recovering "advances" that Defendant says are never "earned." It is nearly impossible, however, for employees to determine when and how a commission can be "earned" because Defendant's Sales Compensation Plan is drafted in highly complex legalese, is grossly one-sided in Defendant's favor, and vests Defendant with complete discretion to deem commissions

as "subject to reconciliation" based on indefinite criteria completely outside of sales employees' control.

25.    The actual terms of Defendant's Sales Compensation Plan are unfair to employees, and the manner in which Defendant interprets and enforces the Plan violates provisions of the California Labor Code designed to protect employees from having their earned wages deducted, rebated, or otherwise reduced. Defendant's unlawful deductions of what should constitute "earned" commissions are also another reason why sales employees' wages are under-recorded and underpaid.

## C.    Meal Period and Rest Break Violations

26.    Defendant systematically fails to provide uninterrupted 30-minute meal periods to nonexempt sales employees and fails to compensate them for missed, shortened, or on-duty meal periods. Defendant pressures nonexempt sales employees like Plaintiff to skip or shorten their meal periods on a daily basis to increase their odds of generating a lead or making a sale (which is necessary for them to meet the unreasonably high sales "quotas" and earn commissions and bonuses). In many cases, these employees are never relieved of all duties during the meal periods they do take because they are expected to be available to customers during their entire shift.

27.    On top of actively discouraging employees to take a full meal period of at least 30 uninterrupted minutes, Defendant's system of recording meal periods necessarily overreports the number and length of any meal periods that employees do take and underreports the instances where employees work through part or all of a meal period. Instead of keeping daily or weekly records of when employees start and stop their meal periods, Defendant simply instructs employees to record at the end of every two-week pay period that they either (i) took an exactly 30-minute meal period each day, or (ii) were provided a 30-minute meal period but voluntarily elected not to take one. This imprecise, after-the-fact time and meal period recording system also enables Defendant to hide or ignore any untimely meal periods (e.g., meal periods that do not start within the first five hours of work). Whether or not sales employees actually took a meal period,

worked through a meal period, or took a shortened meal period, they are instructed to record in lock-step that they took or voluntarily waived a 30-minute meal period.

28.     Defendant treats sales employees' rest breaks similarly to how it treats sales employees' meal periods. Employees are told not to interrupt or miss a possible sale just to take a break. As an REC in particular, Plaintiff was asked whether he preferred to "make a sale or take a break?" and was told that "rest breaks are for pussies." Under direct and indirect pressure, he thus recorded that he was always provided and took or voluntarily waived his rest breaks. On their biweekly timesheets, employees are instructed to check a box "verifying" that they took their full 10-minute "rest break(s)" or they voluntarily chose not to, whether or not this was actually true that day. Conveniently for Defendant, the box that employees check in the system is vague and does not make clear whether an employee took compliant rest breaks or waived the rest breaks.

29.     Importantly, Defendant's written policy requires all sales employees to take their mandated meal periods and rest breaks or to report immediately why they were prevented from doing so. Yet throughout Plaintiff's entire employment Defendant never (i) questioned him as to why he voluntarily waived his meal periods and rest breaks on a regular basis, (ii) reprimanded him for not adhering to the written policy, (iii) paid him regular or overtime wages for work he performed in lieu of taking a full meal period, or (iv) paid him a premium wage for interrupted, missed, or on-duty meal periods or rest breaks. Regardless of what Defendant's written policies may say, Defendant's actual practices systematically favor over-recording compliant meal periods and rest breaks and underpaying employees minimum, overtime, and premium wages.

**D.     Business Expense Reimbursement Violations**

30.     Defendant does not track or reimburse sales employees' necessary expenditures and losses they incur in connection with Defendant's practice of requiring them to work off-the-clock hours following up on leads and knocking on neighbors' doors. Specifically, as Plaintiff experienced firsthand as an REC, Defendant does not ask

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

for receipts or reports from sales employees for their field work, nor do they reimburse these employees for mileage, gas, and other automobile expenses incurred on these non-commute travels. Defendant also does not reimburse sales employees for mobile phone voice and data usage when managers require them to field text messages and phone calls on their personal phones concerning their sales efforts. Through his entire employment, Plaintiff was never asked to report expenses or losses incurred while performing uncompensated field work, and when he attempted to report such costs, he was denied reimbursement.

**E.     Payment Upon Termination Violations**

31.     Defendant fails to timely and accurately pay sales employees all due but unpaid wages when they are terminated or quit, and it does not pay any wages as waiting time penalties.

32.     As already alleged, Defendant does not accurately record all hours worked by sales employees and all meal period and rest breaks taken, missed, or shortened. Nor does it accurately calculate sales employees' regular rates of pay, at least in pay periods when such employees earn commissions or bonuses. Defendant also unlawfully and unfairly deducts employees' commission wages. Consequently, when Defendant paid Plaintiff and has paid other former sales employees their final paychecks, these final payments were all miscalculated and too small.

**F.     Record-Keeping Violations**

33.     As alleged above, Defendant intentionally does not maintain accurate or complete records of their sales employees' regular and overtime rates of pay, regular and overtime hours worked, and meal periods and rest breaks taken or waived. Nor does Defendant pay regular and overtime wages calculated at the correct rate of pay, or pay premium wages for missed, interrupted, or on-duty meal periods and rest breaks. Defendant also has failed to provide Plaintiff and other sales employees with accurate and complete wage statements for these same reasons.

34. Defendant's record-keeping failures have harmed Plaintiff and other employees by unfairly shifting the burden to employees to remember up to 14 days after-the-fact the precise number of hours they worked in a given day, and whether and when they took a full 30-minute meal period and full 10-minute rest breaks in the middle of each four-hour work period. Employees are thus required to justify any overtime hours reported, and all missed or shortened meal periods or rest breaks, days or weeks later without the necessary documentation (i.e., daily clock-in/out records or time sheets).

35. Moreover, Defendant does not even comply with its own timekeeping system's requirements. Employees' timesheets state that by signing the timesheets they are "certifying" that all of the information is true and accurate, but employees are not required to sign their time sheets, managers are not required to sign their approvals, and employees never see any changes to the timesheets made after they are submitted. This process creates records that are unreliable, internally inconsistent, and untethered from the employees' daily experiences.

36. All of these record-keeping failures favor Defendant's desire to pay less overtime and premium wages and to avoid monitoring and enforcing meal period and rest break practices. This "honor system" style of management and recordkeeping places employees in an unfair position where they must push back against their managers' instructions and the system itself to get paid what they are owed.

## IV. **FLSA COLLECTIVE ACTION ALLEGATIONS**

37. Plaintiff incorporates all prior paragraphs.

### A. **FLSA Coverage**

38. At all relevant time periods alleged herein, Defendant has controlled the hours to be worked by Plaintiff and other FLSA Collective members; provided training to Plaintiff and other FLSA Collective members; directed the work of Plaintiff and other FLSA Collective members; maintained communication with Plaintiff and other FLSA Collective members and received updates as to the status of their work; and provided

1  direction on how each assigned task was to be performed by Plaintiff and other FLSA
2  Collective members.

3          39.    Consequently, during the time period covered in the proposed FLSA
4  Collective definition and all relevant time periods alleged herein, Defendant has been an
5  employer within the meaning of 29 U.S.C. § 203(d). Defendant and its managers,
6  supervisors, and other agents have directly or indirectly acted in Defendant's own
7  interests in relation to FLSA Collective members.

8          40.    At all relevant time periods alleged herein, Defendant also has, through
9  unified operation or common control, engaged in related activities for a common business
10 purpose, including the employment of FLSA Collective members to sell Defendant's
11 products and services; has employed employees engaged in commerce or the production
12 of goods for commerce or employees handling, selling, or working on goods or materials
13 that have been moved in or produced for trade, commerce, transportation, transmission,
14 or communication among the several States or between any State and any place outside
15 thereof; and has had an annual gross volume of sales or business volume of not less than
16 $500,000.

17         41.    Consequently, during the time period covered in the proposed FLSA
18 Collective definition and all relevant time periods alleged herein, Defendant has been an
19 enterprise within the meaning of 29 U.S.C. § 203(r)(1). Defendant has also been an
20 enterprise in commerce or in the production of goods for commerce within the meaning
21 of 29 U.S.C. § 203(s)(1) because it has had and continues to have employees engaged in
22 commerce.

23     **B.    Proposed FLSA Collective**

24         42.    Plaintiff brings this FLSA Collective Action on behalf of members of the
25 following proposed FLSA Collective:

26                              **FLSA Collective**

27         All salaried, nonexempt sales employees anywhere in the United
28         States who worked for Defendant during the period starting three

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

years prior to the date this Complaint was filed to the present and who worked over 40 hours in at least one workweek but were uncompensated or undercompensated for the time worked over 40 hours.

43. Plaintiff has actual knowledge that he and other FLSA Collective members have been denied minimum wage for all hours worked and denied overtime pay for hours worked over 40 hours per workweek, and that Defendant has failed to record all hours worked by him and other FLSA Collective members. Plaintiff worked with other FLSA Collective members for approximately 18 months and has personal knowledge of their existence, their status as nonexempt employees of Defendant, the lack of records and compensation for all time spent working, and overtime violations.

44. The FLSA Collective members are similarly situated to Plaintiff and to each other. Other FLSA Collective members worked for Defendant in a similar capacity and in the same or similar positions as Plaintiff, including but not limited to as "Field Energy Specialists," "Retail Energy Consultants," "Senior Retail Energy Consultants," "Field Energy Consultants," and similar positions using other titles.

45. Plaintiff's experiences concerning his work over 40 hours in a workweek and his overtime compensation are also typical of the experiences of other FLSA Collective members. FLSA Collective members regularly work or have worked more than 40 hours during a workweek and have not been properly compensated. These FLSA Collective members likewise were and are subject to Defendant's deficient recordkeeping systems, and though they regularly work or have worked more than 40 hours during a workweek, they have not been paid minimum wages for all hours worked and overtime hours worked at the rate of one-and-one-half their regular rate (or double their regular rate, as applicable).

46. Plaintiff and other FLSA Collective members also were not paid the proper amount of overtime wages based on Defendant's failure to include commission and non-

discretionary bonus-based compensation in the calculation of Plaintiff's and other FLSA Collective members' regular rates of pay.

47.    Plaintiff estimates that Defendant has employed several thousand FLSA Collective members nationwide during the three years prior to the date this Complaint was filed who were paid based on an hourly rate, including FLSA Collective members working in Arizona, California, Colorado, Connecticut, Delaware, Washington, D.C., Hawaii, Maryland, Massachusetts, Nevada, New Hampshire, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Texas, Vermont, and Washington.

48.    Defendant's failure to pay minimum and overtime compensation at the rate required by the FLSA results from generally applicable policies and practices and does not depend on the personal circumstances of the FLSA Collective members. Any variation in specific job titles or precise job responsibilities or locations of each FLSA Collective member does not prevent collective treatment.

49.    All FLSA Collective members are entitled to accurate record keeping, minimum wage compensation, and overtime compensation calculated in accordance with the FLSA's requirements. All FLSA Collective members are entitled to have their overtime compensation calculated properly, which includes rates of pay that take into account commission and bonus-based compensation in addition to a base hourly rate.

50.    Although the exact amount of damages may vary among FLSA Collective members, the damages for the FLSA Collective members can be readily calculated by reference to Defendant's records and, if necessary, representative testimony.

51.    Plaintiff's and other FLSA Collective members' claims arise from a common nucleus of facts, and Defendant's liability is based on a systematic course of wrongful conduct that has caused harm to all FLSA Collective members.

V.    **CALIFORNIA CLASS ALLEGATIONS**

52.    Plaintiff incorporates all prior paragraphs.

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

1    53.    Plaintiff brings this action under Rule 23(a), (b)(1), (b)(2), (b)(3) of the

2  Federal Rules of Civil Procedure on behalf of members of the following proposed

3  California Class and Subclasses:

**California Class**

> All salaried, nonexempt sales employees who performed work
> for Defendant in California during the period starting four years
> prior to the date this Complaint was filed to the present.

**Overtime Wages Subclass**

> All salaried, nonexempt sales employees who performed work
> for Defendant in California during the period starting four years
> prior to the date this Complaint was filed to the present and who
> were not paid the correct amount or rate of pay for all hours
> worked over eight hours in a day or 40 hours in a workweek.

**Commission Deductions Subclass**

> All salaried, nonexempt sales employees who performed work
> for Defendant in California during the period starting four years
> prior to the date this Complaint was filed to the present and who
> had one or more commission payments deducted, reduced, or
> otherwise reconciled pursuant to the terms of Defendant's then-
> applicable Sales Compensation Plan.

**Meal Periods Subclass**

> All salaried, nonexempt sales employees who performed work
> for Defendant in California during the period starting four years
> prior to the date this Complaint was filed to the present and who
> were not provided a timely, uninterrupted 30-minute meal period
> for each shift of greater than five hours or paid a premium wage
> in lieu thereof.

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

**Rest Breaks Subclass**

All salaried, nonexempt sales employees who performed work for Defendant in California during the period starting four years prior to the date this Complaint was filed to the present and who were not provided timely, uninterrupted 10-minute rest breaks for each 4-hour work period or major fraction thereof, or paid a premium wage in lieu thereof.

**Unreimbursed Expenses Subclass**

All salaried, nonexempt sales employees who performed work for Defendant in California during the period starting four years prior to the date this Complaint was filed to the present and who were not reimbursed or indemnified for necessary expenses or losses incurred during work performed in the field.

54. The California Class members and Subclass members are similarly situated to Plaintiff and to each other. California Class and Subclass members worked for Defendant in a similar capacity and in the same or similar positions as Plaintiff, including but not limited to positions such as "Field Energy Specialists," "Retail Energy Consultants," "Senior Retail Energy Consultants," "Field Energy Consultants."

55. **Numerosity**. Plaintiff estimates that there are at least five hundred California Class members, and at least several hundred members in each California Subclass. The number of California Class members makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual California Class member as a plaintiff in this action is impracticable. The identity of California Class members will be determined from Defendant's records, as will the amount of compensation that was and should have been paid to them.

56. Based on the size of the California Class, a class action is a reasonable and practical means for resolving California state law claims. To require individual actions would prejudice California Class members and Defendant.

**CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT**

57.     **Typicality**. Plaintiff's claims are typical of those of other California Class members. Like other California Class members, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as other employees in the California Class. Defendant failed to provide uninterrupted meal periods and rest breaks to Plaintiff and other California Class members, failed to provide them with accurate wage statements, and failed to pay them for (1) all hours worked; (2) all missed, interrupted, and on-duty meal periods and rest breaks; (3) all overtime hours worked; and (4) all expenses incurred in direct performance of their duties. Defendant also failed to properly calculate and pay all of the overtime wages that should have been paid to Plaintiff and California Class members because Defendant used a regular rate of pay that did not account for commission and bonus-based compensation, and Defendant wrongly deducted earned commissions based on the terms of an unlawful and unfair Sales Compensation Plan.

58.     **Adequacy**. Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged to obtain the unpaid wages and penalties required under California law. Plaintiff also worked in multiple sales positions in multiple locations for multiple managers for nearly 18 months. Plaintiff has retained counsel competent in both class action and wage-and-hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the California Class he seeks to represent.

59.     **Commonality**. Common issues of fact and law predominate over any individual questions in this action. Common issues of fact include, but are not limited to:

      a.     Whether Defendant failed to provide full, uninterrupted meal periods and rest breaks to Plaintiff and California Class members;

      b.     Whether Defendant failed to accurately record and verify all meal periods and rest breaks that Plaintiff and California Class members were actually provided each day;

c. Whether Defendant failed to pay regular wages to Plaintiff and California Class members for work performed during a meal period;

d. Whether Defendant failed to identify and pay premium wages to Plaintiff and California Class members for missed, shortened, or on-duty meal periods and rest breaks;

e. Whether Defendant directly or indirectly required Plaintiff and California Class members to work more than eight hours in a day or 40 hours in a workweek but to record fewer hours than they actually worked;

f. Whether Defendant's uniform timekeeping system failed to accurately record all of the hours that Plaintiff and California Class members worked each day, including overtime hours;

g. Whether Defendant failed to pay Plaintiff and California Class members minimum wage for all hours worked and any overtime wages due for all hours worked over eight hours in a day or 40 hours in a workweek;

h. Whether Defendant failed to accurately calculate the regular rate of pay for Plaintiff and California Class members by failing to take into account commission and bonus-based compensation;

i. Whether Defendant improperly deducted from Plaintiff's and California Class members' wages commissions that should have been "earned," but that were instead deemed "subject to reconciliation;"

j. Whether Defendant failed to provide Plaintiff and California Class members timely and accurate wage statements that reflected all hours worked, all rates of pay, and all compensation due;

k. Whether Defendant failed to immediately pay all wages due to Plaintiff and California Class members upon termination of employment; and

l.     Whether Defendant failed to indemnify employees for their expenses or losses incurred while performing their duties.

60.     Common issues of law include, but are not limited to:

a.     Whether Defendant provided and recorded meal periods and rest breaks in compliance with California law;

b.     Whether Defendant calculated, recorded, and paid all wages due for overtime hours in compliance with California law;

c.     Whether Defendant reimbursed or indemnified Plaintiff and California Class members as required under California law;

d.     Whether, under California law, Defendant owes Plaintiff and California Class members premium or penalty wages for missed, interrupted, or on-duty meal periods and rest breaks, insufficient overtime pay, or failure to pay all wages due upon termination;

e.     Whether Defendant unlawfully or unfairly deducted earned wages from Plaintiff and California Class members under the terms of the Sales Compensation Plan; and

f.     Whether any of Defendant's violations of California law were willful.

61.     **Application of Rule 23(b)(1).** Separate actions by individual, nonexempt sales employees would likely result in inconsistent and varying decisions about whether Defendant complied with the California Labor Code and whether their violations were willful. This in turn would result in conflicting and incompatible standards of conduct for the Defendant.

62.     **Application of Rule 23(b)(2).** Defendant has acted and failed to act according to uniform policies and practices that apply generally to the proposed California Class, so that final injunctive or corresponding declaratory relief is appropriate respecting the Class as a whole.

63.     **Application of Rule 23(b)(3).** As alleged above, because Defendant's violations of California law emanate from Defendant's uniform policies and practices,

questions of law and fact common to the proposed California Class predominate over questions affecting only individual members. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy because, even if individual California Class members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system and would not sufficiently serve the interests of California Class members. Plaintiff's and California Class members' interests include the desire to correct Defendant's policies and practices rather than only obtain damages for past violations. Prosecution and defense of such individual actions would also create a significant risk of inconsistent or contradictory judgments and results and could establish incompatible standards of conduct for Defendant and expectations for their employees.

64.     Concentrating litigation of Defendant's California Labor Code violations and related violations in this forum is desirable because it will establish a consistent standard of conduct for Defendant and consistent expectations for their employees throughout California; it will promote financial and judicial economy for the parties and the courts; and it will provide comprehensive supervision by a single court. Inherent difficulties in managing a class action will also be greatly reduced because Defendant's aggregated records, corporate testimony from Defendant's management, and representative testimony from Plaintiff and California Class members will provide the majority of evidence necessary for trial.

65.     Notice of the pendency and any resolution of this action can be provided to California Class members by mail, email, print, broadcast, Internet, and/or multimedia publication. Defendant's records will identify California Class members and provide their contact information.

/ / /

/ / /

/ / /

/ / /

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

## VI.    CAUSES OF ACTION

### First Cause of Action

**Nationwide: Failure to Accurately Calculate and Pay Overtime Wages**

**(Fair Labor Standards Act, 29 U.S.C. §§ 207, 215(a)(2), 216)**

**On Behalf of Plaintiff and FLSA Collective members**

66.    Plaintiff incorporates all prior paragraphs.

67.    The FLSA requires each covered employer to compensate all nonexempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of 40 hours in a workweek (overtime hours).

68.    Defendant has willfully and systematically discouraged and prevented Plaintiff and FLSA Collective members from recording all overtime hours worked. Defendant's deficient timekeeping policies and practices further prevent nonexempt sales employees from recording all overtime worked and improperly place the burden on these employees to calculate any overtime hours worked after-the-fact without real-time documentation and subject to a manager's challenge, disapproval, or alteration.

69.    Additionally, for any overtime hours that Plaintiff and FLSA Collective members were permitted to record, Defendant failed to accurately calculate Plaintiff and FLSA Collective members' regular rate of pay by failing to account for commission and bonus-based compensation in that calculation. As a result, when Defendant did approve and pay recorded overtime to Plaintiff and FLSA Collective members, the amounts were too small and did not amount to full payment of one-and-a-half times (or double time, as applicable) the employees' actual regular rate of pay.

70.    By failing to compensate Plaintiff and FLSA Collective members at a rate of not less than one-and-a-half times their properly calculated regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

71.    Defendant's conduct as alleged herein further constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

72.     As a result of Defendant's willful and unlawful failure to pay Plaintiff and FLSA Collective members all of their earned overtime wages, Plaintiff and FLSA Collective members are entitled to recover their unpaid overtime wages, penalties, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.

73.     Plaintiff, individually and on behalf of FLSA Collective members, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages calculated from the date three years prior to the date this Complaint was filed, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

**Second Cause of Action**

**California: Failure to Accurately Calculate and Pay Overtime Wages**

**(California Labor Code §§ 510 and 1194)**

**On Behalf of Plaintiff and other California Class members**

74.     Plaintiff incorporates all prior paragraphs.

75.     California Labor Code section 510 requires employers to compensate all nonexempt employees for all overtime hours worked at one-and-a-half times their regular rates of pay for hours worked in excess of eight hours per day and 40 hours per workweek, and double-time for hours worked in excess of 12 hours per day.

76.     Defendant has willfully and systematically discouraged and prevented Plaintiff and California Class members from recording all overtime hours worked. Defendant's deficient timekeeping policies and practices further prevent employees from recording all overtime hours worked and improperly place the burden on the employees to calculate any overtime hours worked after-the-fact without real-time documentation and subject to a manager's challenge, disapproval, or alteration.

77.     Additionally, for any overtime hours that Plaintiff and California Class members were permitted to record, Defendant failed to accurately calculate Plaintiff and California Class members' regular rates of pay by failing to account for commission and bonus-based compensation in that calculation. As a result, when Defendant paid overtime

to Plaintiff and California Class members, the amounts were too small and did not amount to full payment of one-and-a-half times (or double time, as applicable) the employees' actual regular rate of pay.

78.     Plaintiff and California Class members have been deprived of their earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

79.     Defendant has violated California Labor Code section 510, and under California Labor Code section 1194, Plaintiff and California Class members seek and are entitled to recover damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight hours per day, in excess of 40 hours per workweek, and double-time pay for hours worked in excess of 12 per day, in addition to interest on such amounts, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

**Third Cause of Action**

**Nationwide: Failure to Pay Minimum Wage**

**(Fair Labor Standards Act, 29 U.S.C. §§ 206, 216)**

**On Behalf of Plaintiff and FLSA Collective members**

80.     Plaintiff incorporates all prior paragraphs.

81.     The FLSA requires each covered employer to compensate all nonexempt employees a minimum wage for all work performed.

82.     Defendant has willfully discouraged and prevented Plaintiff and FLSA Collective members from recording all hours worked. Defendant's deficient timekeeping policies and practices further prevent employees from recording all worked and improperly place the burden on the employees to calculate all hours worked after-the-fact without real-time documentation and subject to a manager's challenge, disapproval, or alteration.

83.     By failing to compensate Plaintiff and FLSA Collective members for all hours worked, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 206 and § 215(a).

84.     Defendant's conduct as alleged herein further constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

85.     As a result of Defendant's willful and unlawful failure to pay Plaintiffs all of their earned wages, Plaintiffs are entitled to recover their unpaid wages, penalties, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.

86.     Plaintiff, individually and on behalf of FLSA Collective members, seeks damages in the amount of their respective unpaid compensation, liquidated damages from the date three years prior to the date this Complaint was filed, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

### Fourth Cause of Action

**California: Failure to Pay Minimum Wage**

**(California Labor Code §§ 1182.12, 1194, 1194.2, 1197, and 1198)**

**On Behalf of Plaintiff and California Class members**

87.     Plaintiff incorporates all prior paragraphs.

88.     California Labor Code sections 1182.12 and 1197 require employers to pay a minimum wage to all nonexempt employees for all hours worked.

89.     Defendant has willfully and systematically discouraged and prevented Plaintiff and California Class members from recording all hours worked. Defendant's deficient timekeeping policies and practices further prevent employees from recording all hours worked and improperly place the burden on the employees to calculate their total hours worked after-the-fact without real-time documentation and subject to a manager's challenge, disapproval, or alteration.

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

90.     Plaintiff and California Class members have been deprived of their earned wages for these unrecorded hours worked as a direct and proximate result of Defendant's failure and refusal to record such hours and pay such compensation.

91.     Defendant has violated California Labor Code sections 1182.12 and 1197, and under California Labor Code sections 1194, 1194.2, and 1197.5, Plaintiff and California Class members seek and are entitled to recover actual and liquidated damages for the nonpayment of wages for all hours worked, in addition to interest on such amounts pursuant to California Labor Code section 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

## Fifth Cause of Action

### California: Failure to Make, Keep, and Preserve Employee Records
### (California Labor Code §§ 1174, 1174.5)
### On Behalf of Plaintiff and California Class members

92.     Plaintiff incorporates all prior paragraphs.

93.     Under California Labor Code section 1174, employers must maintain at least three years of accurate payroll records showing, among other items, the hours worked daily by, and the wages paid to, each of their employees.

94.     During all relevant times, Defendant knowingly and willfully violated California Labor Code section 1174 by failing to maintain accurate payroll records. Defendant knowingly and willfully violated Section 1174 by maintaining payroll records that systematically undercounted the number of hours that Plaintiff and California Class members worked (including but not limited to hours worked during meal periods that were missed, interrupted, or waived, and off-the-clock overtime hours), and under-calculated the regular rates of pay and wages due to them. Defendant is therefore liable under California Labor Code section 1174.5 to Plaintiff and California Class members for providing inaccurate wage statements in violation of Labor Code section 1174.

95.     Accordingly, Plaintiff and California Class members seek and are entitled to recover all penalties due, and the relief requested below in the Prayer for Relief.

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

**Sixth Cause of Action**

**California: Failure to Provide Accurate Wage Statements**

**(California Labor Code § 226)**

**On Behalf of Plaintiff and California Class members**

96.    Plaintiff incorporates all prior paragraphs.

97.    California Labor Code section 226 provides that employers shall furnish their employees with accurate itemized statements in writing showing gross wages earned and total hours worked by the employee, among other items of information.

98.    During all relevant times, Defendant knowingly and willfully violated California Labor Code section 226 by failing to provide Plaintiff and California Class members with accurate wage statements. Defendant knowingly and willfully violated Section 226 by providing Plaintiff and California Class members with wage statements that systematically undercounted the number of hours that Plaintiff and California Class members worked (including hours worked during meal periods that were missed, interrupted, or waived, and off-the-clock overtime hours) and under-calculated the regular rates of pay and wages due to them. Defendant is therefore liable to Plaintiff and California Class members for providing inaccurate wage statements in violation of Labor Code section 226.

99.    Accordingly, Plaintiff and California Class members seek and are entitled to recover all penalties due, and the relief requested below in the Prayer for Relief.

**Seventh Cause of Action**

**California: Failure to Pay All Wages Upon Termination**

**(California Labor Code §§ 201, 202, 203, 226.7, 512 *et seq.*)**

**On Behalf of Plaintiff and California Class members**

100.    Plaintiff incorporates all prior paragraphs.

101.    California Labor Code section 201 provides that any discharged employee is entitled to all wages due at the time of discharge, and California Labor Code section

202 provides that, subject to few exceptions, these wages are due within 72 hours of the employee's discharge.

102. Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code section 203 for waiting time penalties in the amount of one day's compensation at the employees' regular rates of pay for each day the wages are withheld, up to 30 days.

103. During all relevant times, Defendant knowingly and willfully violated California Labor Code sections 201 and 202 by failing to pay Plaintiff and California Class members no longer employed with Defendant all wages owed when their employment ended. Defendant is therefore liable to Plaintiff and California Class members no longer employed by Defendant for waiting time penalties as required by California Labor Code section 203.

104. Accordingly, Plaintiff and California Class members who are no longer employed by Defendant seek and are entitled to recover all penalties due, and the relief requested below in the Prayer for Relief.

**<u>Eighth Cause of Action</u>**

**California: Failure to Indemnify Employees' Expenses and Losses**

**(California Labor Code § 2802)**

**On Behalf of Plaintiff and California Class members**

105. Plaintiff incorporates all prior paragraphs.

106. California Labor Code section 2802 provides that employers shall indemnify employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of their duties.

107. During all relevant times, Defendant knowingly and willfully violated California Labor Code section 2802 by failing to pay Plaintiff and California Class members all expenses incurred in the discharge of their duties, including but not limited to travel and mobile phone expenses. Defendant is therefore liable to Plaintiff and

1  members of the California Class for expenses incurred in direct consequence of the
2  discharge of Plaintiffs' duties.

3      108.   Accordingly, Plaintiff and California Class members seek and are entitled
4  to recover all expenses and losses due, and the relief requested below in the Prayer for
5  Relief.

6                          **Ninth Cause of Action**

7      **California: Failure to Provide and Accurately Record Meal Periods**

8                **Or Pay Premium Wages In Lieu Thereof**

9            **(California Labor Code §§ 226.7, 512 *et seq.*)**

10         **On Behalf of Plaintiff and California Class members**

11     109.   Plaintiff incorporates all prior paragraphs.

12     110.   California Labor Code section 512 requires employers to provide an
13  uninterrupted, off-duty 30-minute meal period if the employee works more than five
14  hours in a day, and a second uninterrupted, off-duty 30-minute meal period if the
15  employee works more than 10 hours in a day. These meal periods must be free of all
16  work duties.

17     111.   Defendant violated the meal period laws by failing to provide Plaintiff and
18  California Class members complete and uninterrupted meal periods of at least 30-
19  minutes. Defendant further has not compensated Plaintiff or California Class members
20  for the work they performed during the unpaid meal period time or premium wages for
21  the meal periods they were required to miss, shorten, or remain on-duty or on-call.

22     112.   Accordingly, Plaintiff and California Class members seek and are entitled
23  to recover all damages and penalties allowed under the law, including payment of one
24  additional hour of pay at the employees' regular rates of pay for each such violation, as
25  provided in California Labor Code section 226.7.
26  / / /
27  / / /
28  / / /

**CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT**

## Tenth Cause of Action

### California: Failure to Provide Rest Periods

### Or Pay Premium Wages In Lieu Thereof

### (California Labor Code § 226.7 and Governing Industrial Wage Order)

### On Behalf of Plaintiff and California Class members

113. Plaintiff incorporates all prior paragraphs.

114. Under California Labor Code section 226.7, an employer may not deprive an employee of a rest period mandated by an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

115. Under paragraph 12 of the governing Industrial Wage Order, an employer must permit its employees to take 10 minutes of rest for every four hours worked, taken in the middle of the work period unless impracticable.

116. Additionally, under California Labor Code section 226.7 and paragraph 12 of the governing Industrial Wage Order, if the employer does not provide these required rest breaks, the employer must pay the employee an additional hour of pay for each workday that the rest period is not provided.

117. Defendant violated the rest break laws by failing to provide Plaintiff and California Class members complete and uninterrupted rest breaks in the middle of their work periods of at least 10-minutes net. Defendant further has not compensated Plaintiff or California Class members by paying premium wages for the rest breaks that they were required to miss or shorten or in which they were required to remain on-duty or on-call.

118. Accordingly, Plaintiff and California Class members seek and are entitled to recover all damages and penalties allowed under the law, including payment of one additional hour of pay at the employees' regular rates of pay for each such violation, as provided in California Labor Code section 226.7.

CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT

**Eleventh Cause of Action**

**California: Unlawful Deductions of Commissions**

**(California Labor Code §§ 221, 223, 224, and 2751)**

**On Behalf of Plaintiff and California Class members**

119.   Plaintiff incorporates all prior paragraphs.

120.   California Labor Code sections 221, 223, and 224 protect employees against unlawful deductions of their earned wages. Under Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Relatedly, under Section 223, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." Section 224 authorizes certain deductions that an employee "expressly authorize[s] in writing," but forbids deductions that amount to a "rebate or deduction from the standard wage . . . pursuant to wage agreement or statute."

121.   Additionally, under California Labor Code section 2751, when an employer enters into a contract of employment and the contemplated payment method includes commissions, the contract must "set forth the method by which the commissions shall be computed and paid."

122.   Defendant's practice under their Sales Compensation Plan of "advancing" commission payments to Plaintiff and California Class members and later deducting such commission payments by deeming them not "earned" and therefore "subject to reconciliation" violates the California Labor Code's prohibitions against deducting employees' wages and fails to adhere to the requirements of Section 2751.

123.   Defendant's Sales Compensation Plan is infested with so much complex legalese that is essentially incomprehensible to Plaintiff and other sales employees who are not capable of knowingly and intentionally consenting to having commissions that are paid in their paychecks later deducted through offsets to future commissions. Moreover, the terms of the Sales Compensation Plan, to the extent employees could be

expected to understand them, are so surprising and grossly one-sided that the agreement itself is unconscionable and therefore unenforceable against employees as a means of clawing back already paid commissions whether or not they are described as "advances."

124.   Defendant has violated Sections 221, 223, and 224 each time they deducted or otherwise "reconciled" Plaintiff's and California Class members' wages by reducing future commission payments to offset or clawback past commission payments. Defendant has further relied on methods for the computation and payment of commissions that are not set forth in the commission contract in violation of Section 2751.

125.   Accordingly, Plaintiff and California Class members seek and are entitled to recover all damages and penalties allowed under the law, including payment (with interest) of the full amount of employees' commission compensation that was deducted, clawed back, or otherwise reconciled as well as calculation of their regular rates of pay in a manner that takes into account such commission compensation.

## Twelfth Cause of Action

### California: Violation of the California Unfair Competition Law (UCL)

### (California Business & Professions Code § 17200 *et seq.*)

### On Behalf of Plaintiff and California Class members

126.   Plaintiff incorporates all prior paragraphs.

127.   Defendant is a "person" as defined under California Business and Professions Code section 17021.

128.   Section 17200 of the California Business and Professions Code defines unfair competition as, *inter alia*, an "unlawful" business act or practice or an "unfair" business act or practice.

129.   By the conduct alleged herein, Defendant has engaged and continues to engage in business practices that are both unlawful and unfair and therefore violate California law.

130.   Defendant's failure to pay all earned minimum and overtime wages, provide

meal periods and rest breaks or pay premium wages in lieu thereof, maintain and provide accurate records, reimburse necessary business expenses, and other violations described above all constitute unlawful acts and practices prohibited by California Business and Professions Code section 17200.

131. Defendant's failure to pay all earned minimum and overtime wages, provide meal periods and rest breaks or pay premium wages in lieu thereof, maintain and provide accurate records, reimburse necessary business expenses, and other violations described above also constitute unfair acts and practices prohibited by California Business and Professions Code section 17200 because they deprive employees of the wages, meal periods, rest breaks, expense reimbursement, and accurate records to which they are entitled, while employees have no power individually to change such practices.

132. Defendant's practice of deducting or "reconciling" commissions under the Sales Compensation Plan or Plans applicable to Plaintiff and California Class members is unlawful under the California Business and Professions Code section 17200 as a violation of California Labor Code sections 221, 223, 224, and 2751. It is also unfair as an independent business practice separate and apart from the California Labor Code's specific protections based on the unfair and unconscionable terms and conditions Defendant unilaterally imposes on Plaintiff and California Class members without their knowing, voluntary consent and without a meaningful ability to determine when and how commission wages become "earned."

133. As a result of their unlawful and unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and California Class members.

134. Defendant should be made to disgorge these ill-gotten gains and restore to Plaintiff and California Class members the wrongfully withheld wages and penalty wages to which they are entitled, as well as interest on these wages.

135. Plaintiff and California Class members further seek all injunctive and preventive relief authorized by California Business and Professions Code sections 17202

and 17203.

136. This action is designed to ensure the enforcement of important rights affecting the public interest and a large number of employees. The necessity and financial burden of private enforcement is great, and the risks to the named Plaintiff for stepping forward are also significant. As such, Plaintiff is entitled to attorneys' fees upon prevailing, and in the interest of justice, such fees should not be paid out of the recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all FLSA Collective and California Class members, prays for the following relief:

A. Certification of the claims in this action as a Class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as Class Representative and counsel for Plaintiff as Class Counsel;

C. An award of actual and liquidated damages;

D. Individual and public equitable and injunctive relief to remedy Defendant's violations of California law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. Statutory penalties;

F. Restitution;

G. Pre-judgment and post-judgment interest as allowed by law;

H. Attorneys' fees and costs under applicable law, including expert fees and costs; and

I. Such additional and further relief as this Court may deem just and proper.

Dated: April 24, 2017          SODERSTROM LAW PC

By: _s/ Jamin S. Soderstrom_

*Counsel for Plaintiff and the Proposed Class*

E-mail: jamin@soderstromlawfirm.com

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all issues triable by jury.

Dated: April 24, 2017          SODERSTROM LAW PC

By: */s/ Jamin S. Soderstrom*

*Counsel for Plaintiff and the Proposed Class*

E-mail: jamin@soderstromlawfirm.com